# EXHIBIT A

Joshua M. Newville
Partner

d +1.212.969.3336
f 212.969.2900
jnewville@proskauer.com
www.proskauer.com

February 10, 2025

Via Email
Diane M. Doolittle, Esq.
C. Dabney O'Riordan, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139

Re:   February 3, 2025 Edmundson Letter

Dear Ms. Doolittle and Ms. O'Riordan,

I am responding on behalf of Pagaya Technologies Ltd. and Pagaya Investments US LLC (collectively "Pagaya") to your letter dated February 3, 2025 sent on behalf of Hugh Edmundson.

As a starting point, Pagaya is very surprised to have received your letter; the interactions the company has had with Mr. Edmundson since the closing of the transaction three and half months ago have been generally constructive.  For example, only about 2 weeks ago, Mr. Edmundson came to Pagaya's New York offices to meet with the CEO of Pagaya and Pagaya's Head of Strategy and Corporate Development, and the outcome of the meeting was an agreed-upon go-forward plan for the Theorem business that Mr. Edmundson seemed to fully support.  Pagaya hopes that this letter is not an attempt by Mr. Edmundson to (i) deflect from the challenges he faces resulting from the departure of the vast majority of Theorem's senior leadership or (ii) evade the fiduciary responsibility he has with respect to the Theorem funds, over which he continues to have significant authority.

Pagaya believes very strongly that your letter contains very significant factual inaccuracies.  In particular, Pagaya categorically denies that it has breached any of its fiduciary obligations to its clients, violated the Merger Agreement or the governing documents of any Theorem fund, or violated any applicable law in any respect. That said, Pagaya takes whistleblower complaints with the utmost seriousness and will conduct a thorough and impartial investigation into Mr. Edmundson's claims.  We expect that Mr. Edmundson will be interviewed during this investigation.  Given the broad scope of Mr. Edmundson's allegations, Pagaya expects to provide a more detailed written response to your letter over the course of the next 2-3 weeks.

Pagaya also has not engaged in any retaliatory act towards Mr. Edmundson, nor does it possess any intent whatsoever to do so.

Given the unexpected nature of your letter and the seemingly unpredictable trajectory of Mr. Edmundson's actions, Pagaya would like to take this opportunity to respectfully remind Mr. Edmundson of his obligations both to his employer, Pagaya, and to the Theorem funds and their investors. A non-exhaustive list of these obligations includes the following:

1. Mr. Edmundson's fiduciary duties stemming from his role as Theorem's Chief Investment Officer and Chairman of Theorem's investment committee require him to comply with SEC regulations and act in the best interests of fund investors, including ensuring that appropriately thorough risk, operational and regulatory analyses are performed prior to making investment decisions on behalf of the Theorem funds. The Theorem investment committee, which Mr. Edmundson chairs, is responsible for determining the overall investment strategy of the Theorem funds and has the power to approve or disapprove all investments. Pagaya's risk team has spent a substantial amount of time ensuring that the originators with whom Theorem partners are financially sound; Pagaya takes this matter very seriously and has a large team supporting these efforts.

2. Mr. Edmundson is bound by the confidentiality and non-disparagement terms of the Confidentiality, Non-Competition, Non-Interference, Non-Solicitation and Invention Assignment Agreement in effect between him and Pagaya. We note that repetition by Mr. Edmundson to third parties, including investors in the Theorem funds, of any of the inaccurate statements contained in your letter or any other unauthorized information (not approved by Pagaya) would be very harmful not only to Pagaya but also to the Theorem business that Mr. Edmundson seeks to protect.

3. Pagaya's various policies dictate the requirements applicable to communications by Pagaya employees' with external parties; in particular, Mr. Edmundson is required to coordinate with Pagaya management before communicating externally (including to fund investors), whether such communications are in writing or verbal, solicited or unsolicited. If Mr. Edmundson has any uncertainty with respect to any of these policies, the appropriate members of the Pagaya team are available to speak to him about this in greater detail.

4. Mr. Edmundson has significant authority over investment decisions for the Theorem funds; Pagaya expects Mr. Edmundson to take his fiduciary responsibilities in this regard very seriously. If Mr. Edmundson feels he cannot execute the duties of his role in light of his attachment to the legacy Theorem business, we would expect Mr. Edmundson to raise this to his direct manager for discussion.

Pagaya has noted your comments regarding Pagaya's record retention policies and has taken appropriate action in that regard.

Diane M. Doolittle, Esq.
C. Dabney O'Riordan, Esq.
February 10, 2025
Page 3

Pagaya has also expressed to us very serious concerns about your representation of Mr. Edmundson in this matter, given that your firm provided legal advice to Pagaya as recently as August of 2024 related to the enforceability of employment agreements entered into by Pagaya with its employees. Pagaya does not waive any resulting conflict, views your representation as a clear conflict, and, in light of such conflict, demands that you withdraw from representing Mr. Edmundson in this matter. If Quinn Emanuel Urquhart & Sullivan, LLP does not immediately withdraw from representing Mr. Edmundson, Pagaya has advised us that it intends to take appropriate action to ensure your firm's disqualification from this matter.

Very truly yours,

Joshua M. Newville