# EXHIBIT C

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5007**

WRITER'S EMAIL ADDRESS
**dianedoolittle@quinnemanuel.com**

April 9, 2025

**CONFIDENTIAL**
**VIA EMAIL**
**OSNYDER@GIBSONDUNN.COM**

Orin Snyder
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166-0193

Re:     *Demand for Indemnification and Advancement of Expenses – Hugh Edmundson*

Dear Orin:

This letter serves as a formal demand for indemnification and advancement of legal expenses on behalf of our client, Hugh Edmundson, pursuant to the **Indemnification Agreement** entered into with Theorem Technology, Inc. (Theorem) and Pagaya Technologies Ltd. (Pagaya), and the **Second Amended and Restated Certificate of Incorporation of Theorem**, both of which remain binding on Pagaya following the merger.

As set forth in Pagaya's recent correspondences, the company has alleged that our client engaged in misconduct while serving as Sole Director and Chief Investment Officer of Theorem, including during merger negotiations and throughout the post-merger integration process. These allegations include purported breaches of fiduciary duty, willful nonperformance, misrepresentations, and other claims—all of which are alleged to have arisen directly from his corporate role.

These are precisely the types of claims covered by the indemnification and advancement provisions in both the Indemnification Agreement and the governing corporate documents:

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

- **Section 1** of the Indemnification Agreement entitles Mr. Edmundson to indemnification to the fullest extent permitted by law for "any Proceeding brought by or in the right of the Company. . . ."

- **Section 5** mandates the advancement of expenses within thirty (30) days of a written request so long as it "include[s] or [is] preceded or accompanied by a written undertaking by or on behalf of Indemnitee to repay any Expenses advanced if it shall ultimately be determined that Indemnitee is not entitled to be indemnified against such Expenses." *You may consider this letter on behalf of Mr. Edmundson his written undertaking to repay any Expenses advanced to him if it is ultimately determined that he is not entitled to be indemnified.*

- Article **Ninth** of the Certificate of Incorporation independently requires the company to indemnify and advance expenses to "[e]ach person who is or was or had agreed to become a director, employee, agent or officer" to the fullest extent permitted by applicable law—and this obligation expressly survives modification, repeal, or merger.

Accordingly, we demand that the company:

1. **Confirm in writing by Wednesday, April 16, 2025,** that it will comply with its indemnification and advancement obligations;
2. **Advise to whom we should submit Mr. Edmundson's legal fees and expenses in defending against Pagaya's/Theorem's claims**; and
3. Refrain from further retaliatory conduct, including threats of litigation, in response to protected activity carried out in the course of Mr. Edmundson's duties.

If the company fails to timely honor these obligations, our client will pursue all appropriate remedies, including injunctive relief, monetary damages for breach of contract, and attorneys' fees under **Section 7(d)** of the Indemnification Agreement. These rights are enforceable without further delay and without regard to the merits of any allegations the company has made.

Respectfully,

*Diane M. Doolittle*

Diane M. Doolittle

2