# EXHIBIT E

**GIBSON DUNN**

Orin Snyder
Partner
T: +1 212.351.2400
M: +1 917.239.3977
osnyder@gibsondunn.com

April 23, 2025

Via E-Mail

Diane M. Doolittle, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139

Re:    Hugh Edmundson

Dear Diane:

We write on behalf of Pagaya Technologies Ltd. and Pagaya Investments US LLC (together, "Pagaya"), and Theorem Technology, Inc. ("Theorem Tech") and its investment adviser Theorem Partners LLC (together, "Theorem"), in response to your April 9, 2025 letter demanding advancement and indemnification on behalf of Hugh Edmundson.

At the outset, Theorem Tech acknowledges its obligations under both the October 22, 2024 Indemnification Agreement (the "Agreement")[1] and Delaware law, as set forth in Theorem's Second Amended and Restated Certificate of Incorporation.  Theorem Tech will honor those obligations if and when they are properly triggered.  At present, they are not.

### 1. No Valid Advancement Demand.

Your letter does not constitute a valid demand for advancement under the Agreement. Section 5 requires any request for advancement to "evidence the Expenses incurred" by Mr. Edmundson.  Your letter provides no such evidence—no engagement letter, no invoices, and no documentation of any kind.  Without this threshold information, Theorem Tech cannot determine whether advancement or indemnification is warranted.  Section 5 expressly does not apply to any claim for which indemnity is excluded under Section 9— an exclusion that is relevant here, as discussed below.

---

[1] Contrary to your letter, the Agreement was not entered into with Pagaya Technologies Ltd. and Pagaya is not a party to this agreement.  Your indemnification demand relies upon an agreement with Theorem Tech (signed by your client on behalf of both parties) and the Certificate of Incorporation of Theorem Tech.  You have identified no basis for any indemnification obligation owed by Pagaya and we are aware of none.

**Gibson, Dunn & Crutcher LLP**

200 Park Avenue  |  New York, NY 10166-0193  |  T: 212.351.4000  |  F: 212.351.4035  |  gibsondunn.com

Diane M. Doolittle, Esq.                                                        April 23, 2025
Quinn Emanuel Urquhart & Sullivan, LLP                                               Page 2

### 2. No Covered Claim or Proceeding.

No qualifying "claim" or "Proceeding" has been initiated that would trigger any right to advancement or indemnification by Theorem Tech, including any such claim or Proceeding "by or in the right of the Company" within the meaning of Section 1(b) of the Agreement.  (Apr. 9, 2025 Letter from D. Doolittle at 2).  Even if there were, Section 9(c) precludes indemnification for any claim or Proceeding brought by Mr. Edmundson himself—including the ongoing letter-writing campaign initiated and pursued by you and Mr. Edmundson against Pagaya and Theorem since February.

### 3. Unresolved and Troubling Conflict of Interest.

Your April 9 and April 14, 2025 letters also fail to respond in any substantive way to our March 28, 2025 letter, including our concerns regarding your firm's conflict of interest. Your dismissal of that conflict as "false and inaccurate" is unsupported and deeply troubling.  Pagaya has received legal advice from Quinn Emanuel partner Kimberly Carson on employment matters—including the same non-compete and non-solicitation provisions now at issue—as recently as January 14, 2025.  Your failure to acknowledge this relationship raises serious ethical concerns.

We reiterate our demand that you fully investigate this matter and your firm's ethical obligations and withdraw from representing Mr. Edmundson immediately.

Pagaya and Theorem expressly reserve all rights, claims, and defenses.

Sincerely,

Orin Snyder