# EXHIBIT F

**quinn emanuel**  trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3176**

WRITER'S EMAIL ADDRESS
**harryolivar@quinnemanuel.com**

April 24, 2025

Via Electronic Mail

Orin Snyder
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
osnyder@gibsondunn.com

Re:     Hugh Edmundson

Dear Mr. Snyder:

I am General Counsel for Quinn Emanuel Urquhart & Sullivan, LLP. The assertions in your March 28 and April 23, 2025 letters that our firm has a conflict of interest have been referred to me for a response. You have asserted that we have a conflict in representing Hugh Edmundson, a Theorem Technology, Inc. ("Theorem") employee, in a matter adverse to your clients, Pagaya Technologies Ltd. and Pagaya Investments US LLC (together, "Pagaya"). We take conflict assertions seriously. Having reviewed this situation, however, we do not believe a conflict of interest exists that would require our withdrawal from representing Mr. Edmundson.

First, our current representation of Mr. Edmundson is not substantially related to our prior representation of Pagaya. Ms. Kimberly Carson of our firm's New York office previously represented Pagaya in connection with non-competes/restrictive covenants for three departing East Coast executives of Pagaya during the period from July 2024 through September 2024.

Our current representation adverse to Pagaya is led by a different partner out of a different office, and Ms. Carson is not involved. Ms. Diane Doolittle of our firm's Silicon Valley office currently represents Mr. Edmundson, who is an employee of Theorem, a separate legal entity from Pagaya and based in California. During his employment, Mr. Edmundson raised several concerns regarding unlawful conduct, including the legality of non-competes imposed on other California-based Theorem employees as a condition of continued employment. There is no ambiguity on this point—unlike New York, California law categorically prohibits employee non-compete agreements, rendering them void, unenforceable, and contrary to public policy.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

As you know, the enforceability of non-compete agreements varies by jurisdiction. We do not view our prior advice about New York employment issues relating to Pagaya's non-competes as involving legal and factual issues that are substantially related to our representation of Mr. Edmundson, including the California-specific issues raised in connection with his employment.

For context, California courts have consistently held that matters qualify as "substantially related" under California Rule of Professional Conduct 1.9 only when they involve the same transaction or legal dispute, or there is a substantial risk that confidential information obtained in the prior representation would materially advance the client's position in the current matter. It does not appear that either circumstance is present here. *See, e.g.*, *Khani v. Ford Motor Co.*, 215 Cal. App. 4th 916, 922 (2013) (finding matters not substantially related notwithstanding that the underlying causes of action were the same); *Fremont Indem. Co. v. Fremont Gen. Corp.*, 143 Cal. App. 4th 50, 67 (2006) (finding matters substantially related only when attorney is "likely to have obtained confidential information *material* to the current representation") (emphasis added).

Because our firm did not represent Pagaya with respect to any issue regarding California non-competes, let alone the California non-competes of an acquired entity, and because we did not obtain confidential information (your letters do not identify any) that would materially advance Mr. Edmundson's position in the current matter, there is no conflict under Rule 1.9.

I would also note that at the outset of our 2024 engagement, Pagaya consented to representations adverse to Pagaya. In our engagement letter, Pagaya provided "its express consent and agreement that [Quinn Emanuel] may represent other clients, including the parties adverse to you in this matter, in the future in other matters in which we do not represent Pagaya even if the interests of the other clients are adverse to Pagaya (including the appearance on behalf of another client adverse to Pagaya in a negotiation, litigation or arbitration)."

Regarding the January 14, 2025 communication you reference, Pagaya's Chief Legal Officer Eric Watson asked our partner Ms. Carson to call him. On the call, Mr. Watson asked questions regarding enforceability of restrictive covenants in California. No specific employee was discussed. As a courtesy during the call, Ms. Carson provided some general, non-confidential information about enforceability of restrictive covenants in California. She received no confidential information from Pagaya, nor did Ms. Carson open a matter for Pagaya or bill any time.

Two days later, on January 16, 2025, Pagaya asked Ms. Carson whether our firm could represent it with respect to reviewing a template Separation & Release Agreement for employees at its newly acquired subsidiary. Ms. Carson confirmed in a conflict check that we could not do so and communicated that to Pagaya.

Finally, to the extent Pagaya has any concern about confidential information that may have been communicated to Ms. Carson during her work regarding East Coast non-competes in 2024 or otherwise, our firm has implemented appropriate ethical screens out of an abundance of caution to ensure no such information could be used during our current representation of Mr. Edmundson. Ms. Carson has not performed and will not perform any work on the matter adverse to Pagaya. Ms. Carson has not shared and will not share any confidential information belonging to Pagaya.

2

3

We believe our representation of Mr. Edmundson complies with all of our ethical obligations. Please contact me if you wish to discuss anything above.

Very truly yours,

Harry A. Olivar, Jr.