# EXHIBIT G

**GIBSON DUNN**

Orin Snyder
Partner
T: +1 212.351.2400
M: +1 917.239.3977
osnyder@gibsondunn.com

May 19, 2025

Via E-Mail

Harry A. Olivar, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
harryolivar@quinnemanuel.com

Re:    Hugh Edmundson

Dear Harry:

I write on behalf of Pagaya Technologies Ltd., Pagaya Investments US LLC (collectively, "Pagaya" or the "Company"), and Theorem Partners LLC in response to your April 24, 2025 letter ("Letter") concerning your firm's involvement in this matter.

Your Letter, which denies the existence of a conflict, is premised on a false assumption: that the advice rendered by Quinn Emanuel in this matter was limited to "New York employment issues" and is not "substantially related to [your] representation of Mr. Edmundson." Letter at 1-2. That is incorrect. As explained in our March 28 letter to Diane Doolittle, Pagaya sought and received advice from Quinn Emanuel Partner Kimberly Carson as recently as January 14, 2025, on the enforceability of non-compete and non-solicitation provisions in employment agreements provided to Theorem employees in California. These are the very same provisions and agreements that Mr. Edmundson and your firm have put at issue. *See* Feb. 3, 2025 Ltr. from D. Doolittle at 4.

None of the supposed justifications identified in your Letter excuses this glaring conflict. Your representations that Ms. Carson is not involved in your firm's work for Mr. Edmundson, that she did not open a new matter for Pagaya relating to the advice she provided on January 14 or bill for that advice, and that the relevant team representing Mr. Edmundson is led by a different partner in a different office are all beside the point. Letter at 1-2; *see* California Rules of Professional Conduct, Rules 1.7, 1.9.

It also makes no difference that your firm has supposedly "implemented appropriate ethical screens." Letter at 2. Ms. Carson's conflict is imputed to all lawyers in your firm under the relevant ethical rules and a screen does not cure that conflict. *See, e.g.*, California Rules of Professional Conduct, Rule 1.10; New York Rules of Professional

Harry A. Olivar, Esq.                                    May 19, 2025
Quinn Emanuel Urquhart & Sullivan, LLP                         Page 2


Conduct, Rule 1.10.  Moreover, your letter fails to state when such screens were implemented or when your work for Mr. Edmundson began.  Given that a conflict apparently existed no later than January 16, 2025 (Letter at 2)—just two days after Ms. Carson provided advice to Pagaya on the at-issue non-compete and non-solicitation provisions—we have serious concerns that your firm was representing Pagaya while simultaneously taking on an adverse matter for Mr. Edmundson.  Your firm's decision not to bill Pagaya for the advice provided on January 14 only reinforces our concerns that your firm understood that there was a conflict and made a tactical decision not to bill, and to drop Pagaya and take on what you likely hoped was a more profitable engagement for Mr. Edmundson.  We request that you provide a representation as to whether Ms. Carson's time entries for December 2024 and January 2025 reflect work performed for Pagaya, and if so, that you provide those entries.

Finally, any reliance on your firm's engagement letter with Pagaya to excuse this conflict will not work.  As you acknowledge, the advance waiver language in your engagement letter is limited to "other matters."  Letter at 2.  Your representation of Mr. Edmundson is not an "other matter[]" because it relates in part to the exact same non-compete and non-solicitation provisions on which Pagaya received advice from Ms. Carson.

*      *      *


Pagaya expressly reserves all rights, claims, and defenses.


Sincerely,


Orin Snyder