# EXHIBIT H

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3176**

WRITER'S EMAIL ADDRESS
**harryolivar@quinnemanuel.com**

May 28, 2025

Via Electronic Mail

Orin Snyder
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
osnyder@gibsondunn.com

Re:    Hugh Edmundson

Dear Orin:

I am writing in response to your May 19, 2025 letter. I need to disagree with your characterization of the facts and ethical rules.

First, your letter continues to misstate the nature of Ms. Carson's January 14, 2025 call. You say Ms. Carson advised on "the very same provisions and agreements that Mr. Edmundson and your firm have put at issue." That is incorrect. As explained in my April 24, 2025 letter, Mr. Watson initiated contact with Ms. Carson and asked general questions about the enforceability of restrictive covenants in California. No specific employee was discussed, no confidential information was shared, and Ms. Carson provided only general guidance about well-established California law that categorically prohibits employee non-compete agreements. This information is readily available and does not create the conflict you suggest.

Second, and more fundamentally, your version of events is not possible as a matter of timing. When Mr. Watson contacted Ms. Carson on January 14, 2025, Pagaya was not even aware of Mr. Edmundson's whistleblower complaint. Pagaya could not have been consulting with Ms. Carson about matters relating to Mr. Edmundson when it had no knowledge that Mr. Edmundson's complaint existed. As noted, the January 14, 2025 call was a general inquiry about California employment law, not a consultation about any specific employee or situation, let alone Mr. Edmundson.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Regarding your question about Ms. Carson's time entries, I can confirm that Ms. Carson did not enter or bill any time for the January 14, 2025 call, as stated in my previous letter. We generally do not bill time when former clients contact us until we clear conflicts, actually are re-engaged, and open a matter. Ms. Carson's discussion of general principles was a brief professional courtesy in response to Mr. Watson's request. Your suggestion that not recording time for the call was a "tactical decision" to avoid a conflict is unfounded.

Further, your reliance on Rule 1.10 regarding imputation of conflicts is off base. Rule 1.10 requires an actual conflict before imputation is relevant. As explained in my previous letter, there is no conflict here because: (1) we were not retained, and in fact declined any new matter because of a conflict; (2) the matters are not substantially related under California Rule 1.9; (3) no confidential information was obtained that would materially advance Mr. Edmundson's position; and (4) Pagaya expressly consented to adverse representations in our engagement letter.

Finally, I need to note that your letters continue not to identify any specific confidential information that anyone claims Ms. Carson received that could be used to Pagaya's detriment in the current Mr. Edmundson matter. This further confirms that no conflict exists.

We remain confident that our representation of Mr. Edmundson complies with all applicable ethical rules. If you have specific, concrete concerns beyond the general assertions you have been making in your letters, I would be happy to respond.

Very truly yours,

Harry A. Olivar, Jr.

2